IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDA STEWART | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 11-1338 |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

**OPINION**

Slomsky, J.                                                                                                  November 13, 2012

## I. INTRODUCTION

On April 6, 2011, Plaintiff Brenda Stewart ("Plaintiff") filed a Complaint against Defendant Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner" or "Defendant"). (Doc. No. 3.) In the Complaint, Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of Defendant's final decision denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"). On May 31, 2012, United States Magistrate Judge David R. Strawbridge filed a Report (Doc. No. 16.) recommending that this Court deny Plaintiff's Request for Review and enter judgment in favor of the Commissioner and against Plaintiff.

Before this Court are Plaintiff's Objections to Judge Strawbridge's Report and Recommendation (Doc. No. 17). Pursuant to 28 U.S.C. § 636(b)(1), this Court will make a *de novo* determination of the portions of the Report and Recommendation to which objections have

been made. After an independent review of the record and for reasons that follow, this Court finds that Plaintiff's objections either lack merit or the errors alleged are harmless, and will adopt and approve the Report and Recommendation.

## II. PROCEDURAL HISTORY

On September 5, 2007, Plaintiff filed an application for SSI, alleging disability beginning January 1, 2005. (Administrative Record ("Admin. R.") at 9.) On January 25, 2008, Plaintiff's claim was denied. (Id.) On February 20, 2008, Plaintiff filed a written request for a hearing pursuant to 20 CFR § 416.1429 *et seq*. (Id.) Plaintiff's request was granted and on September 8, 2009, Plaintiff, represented by counsel, appeared before Owen B. Katzman, Administrative Law Judge ("ALJ").[1] (Id. at 9, 17.) Plaintiff and Steven H. Gumerman, "an impartial vocational expert," testified at the hearing. (Id. at 9.)

On October 29, 2009, Judge Katzman, pursuant to the sequential evaluation process applicable to a claim of disability,[2] issued a decision denying Plaintiff's claim. (Admin. R. at 9-17.) Thereafter, Plaintiff requested a review of Judge Katzman's ruling. On February 11, 2011, the Appeals Council denied Plaintiff's request, making Judge Katzman's decision the final decision of the Commissioner. (Id. at 1-3.)

On May 5, 2011, Plaintiff filed her Complaint in this Court against the Commissioner.

---

[1] 42 U.S.C. § 405, which governs the procedure for reviewing Social Security Benefit applications, states that the Commissioner is "directed to make findings of facts and decisions" as to eligibility for benefits. Pursuant to § 405(b)(1), if an applicant wishes to contest a decision of the Commissioner, the Commissioner must offer the applicant a hearing. An ALJ conducts the hearing, after which a decision is rendered which affirms, modifies, or reverses the decision of the Commissioner.

[2] 20 C.F.R. §§ 404.1520(a) and 416.920(a). See also Part III, infra.

(Doc. No. 3.) After both parties submitted briefs and documents in accordance with this Court's Procedural Order of April 6, 2011 (Doc. No. 4.), this Court referred the matter to United States Magistrate Judge David R. Strawbridge for a Report and Recommendation. (Doc. No. 14.) On May 31, 2012, Judge Strawbridge filed his Report and Recommendation. (Doc. No. 16.) On June 18, 2012, Plaintiff filed Objections. (Doc. No. 17.) As discussed above, this Court must now "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [This Court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III. LEGAL STANDARD

When a District Court reviews a final decision of the Commissioner of Social Security, the Court must determine whether the record shows substantial evidence to support the Commissioner's decision. 42 U.S.C. §§ 405(g), 1383(c)(3). In making this decision, the Court reviews whether there is substantial evidence to support the Commissioner's finding that the plaintiff is not disabled. Substantial evidence is defined as "more than a mere scintilla . . . [and includes] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cherry v. Barnhart, 29 F. App'x 898, 901 (3d Cir. 2002) (quoting Richardson v. Perales, 402 U.S. 389, 407 (1971)). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

An ALJ, rendering a decision on behalf of the Commissioner, must set out a specific factual basis for each finding. Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974), cert. denied, 420 U.S. 931 (1975). The ALJ "must consider all the evidence and give some reason for

3

discounting the evidence [the ALJ] rejects." Ray v. Astrue, 649 F. Supp. 2d 391, 402 (E.D. Pa. 2009) (quoting Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994)). Although the ALJ need not make reference to every relevant medical note in a voluminous medical record, the court expects the ALJ, as the fact finder, to consider and evaluate the medical evidence in the record consistent with his responsibilities under the regulations and case law. See Reefer v. Barnhart, 326 F.3d 376, 381-82 (3d Cir. 2003). Simply referring to "the record" as a whole is insufficient. Abshire v. Bowen, 662 F. Supp. 8, 9 (E.D. Pa. 1986). See also Carter v. Apfel, 220 F. Supp. 2d 393, 397 (M.D. Pa. 2000).

A claimant proves she has a "disability" when she demonstrates a medically determinable basis for an impairment that prevents her from engaging in any substantial gainful activity ("SGA") for a statutory 12-month period. 42 U.S.C. § 412(d)(1). In order to determine if a claimant possesses an impairment that prevents her from engaging in any substantial gainful activity, an ALJ uses a five-step process:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of the listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work,

we will find that you are not disabled. If you cannot make an adjustment to other
work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4)(i)-(v).

## IV.     FACTUAL BACKGROUND

### A.     <u>Plaintiff's History and Characteristics</u>[3]

Plaintiff was born on February 11, 1957 and is 55 years of age. (Admin. R. at 42.) Plaintiff is unmarried, has two children, and lives in a one story home with her boyfriend in West Chester, Pennsylvania. (<u>Id.</u> at 21, 27, 158.) She dropped out of school after the 11th grade to care for her ill mother. (<u>Id.</u> at 21.) In the past, Plaintiff has worked as a waitress, cashier, and a cleaning person, but lacks a good memory concerning the dates of her employment. (<u>Id.</u> at 28, 32, 34.) Except for limited periods of time, Plaintiff has not worked much. (<u>Id.</u> at 21-22.) The Social Security earnings record indicates Plaintiff last had limited earnings in 2001 and 2002. (<u>Id.</u> at 31.) She receives public assistance as well as help from her boyfriend to pay bills. (<u>Id.</u> at 21.)

Plaintiff's son passed away in 1986 which caused her to go into a deep depression. (Amin. R. at 22.) All these years Plaintiff has never seen a psychiatrist or gone to a mental health clinic, despite taking an assortment of depression medication. (<u>Id.</u>) Instead, Plaintiff relies on a compassionate friend to cope with the loss of her son. (<u>Id.</u>) Moreover, Plaintiff complains of pain throughout her entire back as well as in her legs. (<u>Id.</u>) Due to the leg and back pain, Plaintiff cannot walk long distances. (<u>Id.</u> at 26.) Plaintiff also claims to have difficulty standing longer

---

[3] Unless otherwise noted, the facts setting forth Plaintiff's history and characteristics are taken from her testimony at the September 8, 2009 hearing.

than 30 minutes at a time. (Id.)

While no doctor has placed a restriction on the amount of weight she may lift, Plaintiff stated that she has difficulty lifting objects over 10 pounds. (Id.) Bending over to pick something up causes her pain, as does climbing stairs. (Id. at 27.) Plaintiff spends her days reading and doing crossword puzzles. (Admin. R. at 29.) She visits her ill mother three times a week and helps her by taking her shopping and to the doctor. (Id.)

### B. Testimony of the Vocational Expert

Vocational Expert ("VE") Dr. Steven H. Gumerman testified at Plaintiff's administrative hearing. (Admin. R. at 32.) He characterized Plaintiff's past waitress and cashier work as semi-skilled and requiring light exertion. (Id. at 33-34.) The VE characterized her cleaning work as unskilled but also requiring only light exertion. (Id. at 34.) The ALJ posed the following hypothetical to the VE:

> Let's assume we have a person of the same age, education and experience as Ms. Stewart. Let's assume that this hypothetical person is limited to light work. . . . She can occasionally climb, balance, stoop, kneel, crouch and crawl and those are the only limitations?

(Id. at 35.) In response, the VE stated that this basically constituted "the full range of light work activity." (Id.) The VE went on to say that Plaintiff's postural limitations would have little impact on her working jobs requiring only light exertion. (Id. at 36.) The hypothetical person could work as an inspector, examiner, or sorter. (Id. at 38.)

### C. The Findings of the ALJ to Which Plaintiff Objects

The ALJ found that Plaintiff suffered from an emotional disorder and from pain in her back and left shoulder. (Admin. R. at 13.) The ALJ nonetheless concluded that Plaintiff was not

"disabled" within the meaning of the Social Security Act because she is capable of making a successful transition to other jobs that exist in significant numbers throughout the national economy. (Id. at 17.) The ALJ found the VE's testimony credible and concluded that Plaintiff could work in a representative occupation, such as an inspector, examiner, or sorter. (Id.) Accordingly, the ALJ, on behalf of the Commissioner, denied Plaintiff's SSI claim. (Id.)

Plaintiff makes the following challenges to the ALJ's findings:

1. The ALJ erred by treating the findings of a state agency adjudicator as evidence.

2. The ALJ erred by refusing to allow plaintiff to respond to the VE's testimony.

3. The ALJ erred by failing to obtain the file created in connection with a prior claim.

4. The ALJ rejected evidence without adequate explanation.

5. The ALJ erred by failing to adequately explain his assessment of Plaintiff's residual functional capacity.

(Doc. No. 17.)

V. **DISCUSSION**

A. **Objection One: The ALJ Erred By Treating The Findings Of A State Agency Adjudicator As Evidence.**

Plaintiff's first objection focuses primarily upon the ALJ's treatment of the findings made by Valerie McCartt. (Doc. No. 17 at 1; Doc. No. 16 at 6). McCartt, a state agency adjudicator, completed Plaintiff's Physical Residual Functional Capacity ("PRFC") form. (Doc. No. 16 at 6.) The PRFC form is a multi-page checklist assessment of Plaintiff's functional physical capabilities in various categories. (Admin. R. at 199.) In the PRFC, McCartt found Plaintiff capable of:

lifting and carrying 10 lbs. frequently and 20 lbs. occasionally; standing and walking for 6 hours in an 8-hour workday; sitting for 6 hours in an 8-hour workday; and occasionally engaging in other various postural activities. (Admin. R. at 200-204.)

Plaintiff relies on references by the ALJ to the PRFC to support her objection. (Doc. No. 17 at 2-4.) Namely, the ALJ posed a hypothetical question to the VE using the PRFC assessments as traits accorded to a hypothetical person. (Admin. R. at 34.) Furthermore, the ALJ stated:

> I find that the assessment of the DDS disability examiner reasonably represents the findings of the consultative examiner, as well as the objective findings of the treating sources. Treatment records and claimant's testimony with regard to her daily activities support this assessment. Her prior work record, which is spotty (Exhibits 6D, 7D, 3E), is insufficient to support an inference of disability from the fact that she is not working at this time. Thus, I only partially credit claimant's allegations of significant work related limitations.
>
> In reaching my conclusion **I have also considered the opinions and findings of the State agency consultants that claimant is able to perform light exertional activities** (Exhibit 10F) and that her emotional disorder resulted in mild functional limitations (Exhibit 11F). Although non examining physicians or practitioners render the opinions of State agency medical psychological consultants, they are the opinions of expert[s] in the evaluation of medical issues in disability claims under the Social Security Act and are entitled to some probative weight. (20 CFR 416.927 and SSRs 96-5p and 96-6p.) As noted above, I find that the State agency adjudicator's assessment is consistent with the overall objective evidence and suggestions of disabling severity are not supported by the record.

(Admin. R. at 15-16.) (emphasis added.) The ALJ correctly states that expert opinions evaluating medical issues in disability claims under the Act are entitled to probative weight.[4] However, the

---

[4] 20 C.F.R. § 416.927(e)(2)(i) states: "Administrative law judges are not bound by any findings made by State agency medical or psychological consultants, or other program physicians or psychologists. State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants and other program physicians, psychologists,

Code of Federal Regulations states that the finding of a state agency adjudicator on a PRFC form are "not in themselves" evidence.[5] This distinction can be explained because, as Judge Strawbridge states, PRFC forms can be completed by individuals who are not identified as acceptable medical sources. (Doc. No. 16 at 9.)

Moreover, significant case law buttresses the point that PRFC forms are not to be accorded evidentiary weight because they are completed by a single decision-maker ("SDM").[6] The Agency's own policy also prohibits ALJs from relying on PRFC assessments conducted by a SDM. See Social Security Administration Program Operations Manual System DJ 24510.05 ("It

---

and other medical specialists as opinion evidence, except for the ultimate determination about whether you are disabled." (see § 416.912(b)(8)).

[5] 20 C.F.R. § 416.927(e)(1)(i) states: "When a State agency or medical or psychological consultant makes the determination together with a State agency disability examiner at the initial or reconsideration level of the administrative review process as provided in § 416.1015(c)(1), he or she will consider the evidence in your case record and make findings of fact about the medical issues, including, but not limited to, the existence and severity of your impairment(s), the existence and severity of your symptoms, whether your impairment(s) meets or medically equals the requirements for any impairment listed in appendix 1 to subpart P of part 404 of this chapter, and your **residual functional capacity**. These administrative findings of fact are based on the evidence in your case **but are not in themselves evidence at the level of the administrative review process at which they are made**." (emphasis added.)

[6] See, e.g., Dewey v. Astrue, 509 F.3d 447, 449–50 (8th Cir.2007) (remanding because ALJ inadvertently weighed RFC assessment performed by non-medical evaluator); Kempel v. Astrue, No. 08–4130, 2010 WL 58910, at *7 (D.Kan. Jan.4, 2010) (noting that practice of SDMs signing forms in space designated for medical consultant's signature leads to ALJs relying on their opinion as medical evidence and noting that SDM's assessment has no evidentiary weight); Stanley v. Astrue, No. 09–20485, 2009 WL 3060394, at *1 (S.D.Fla. Sept.24, 2009) (remanding with directions not to rely on SDM's assessment); Foxx v. Astrue, No. 08–00403–KD–B, 2009 WL 2899048, at *7 (S.D.Ala. Sept.3, 2009) ("[A] SDM is not a medical professional of any stripe, and a finding from such an individual is entitled to no weight as a medical opinion, or to consideration as evidence from other non-medical sources" (quoting Botton v. Astrue, 2008 WL 2038513 (M.D.Fla., May 12, 2008)); Johnson v. Astrue, No. 4:07CV1715–JCH, 2009 WL 1521843, at *2 (E.D.Mo. May 29, 2009) (noting that Commissioner conceded that ALJ erred in relying on SDM assessment and requested remand); Ky v. Astrue, No. 08–cv–00362, 2009 WL 68760, at *3 (D.Colo. Jan.8, 2009) ("[A]n SDM is not a medical professional of any stripe, and the opinion of an SDM therefore is entitled to no evidentiary weight.")

9

must be clear to the appeal-level adjudicator when the SSA-4734-BK was completed by a SDM because SDM-completed forms are not opinion evidence at the appeals level."); Letter from Frank A. Cristaudo, Chief Administrative Law Judge to Regional Chief Administrative Law Judges re: Evaluation of Single Decisionmaker Residual Functional Capacity Assessments– Reminder, May 19, 2010 (asking Regional Chief Administrative Law Judges to remind ALJs that "SDM forms are not opinion evidence at the appeals levels. Thus, agency policy requires ALJs and AAs to evaluate SDM RFC assessments as adjudicatory documents only, and not to accord them any evidentiary weight when deciding cases at the hearing level.")

The ALJ, in stating that PRFC forms are "entitled to some probative weight," clearly used the PRFC form, in some respect, as evidence in his determination. The discussion in the Report and Recommendation of whether the ALJ considered the PRFC a "medical opinion," as opposed to any other opinion, represents a distinction without a difference. As made clear above, PRFC forms completed by a single decision-maker, as was done here, are not to be accorded any evidentiary weight.

Judge Strawbridge's Report & Recommendation noted that certain wording in the ALJ's decision and in a statement made at the hearing "give rise to legitimate concerns" that the ALJ may have "misperceived the value of the PRFC form." (Doc. No. 16 at 10.) However, Judge Strawbridge found that the record did not indicate that the ALJ gave the PRFC any "evidentiary weight," but rather, reflected that the ALJ used the PRFC as shorthand reference for a hypothetical. (Id. at 11.) Further, Judge Strawbridge found that, even if the ALJ mistakenly believed the PRFC form was authored by a physician, this would constitute harmless error as the remaining record provides substantial evidence to find that Plaintiff was not disabled. (Id. at 11.)

This Court agrees with Judge Strawbridge that, even if the ALJ considered the PRFC as evidence, this constituted harmless error in determining whether Stewart was disabled under the Act. The record is replete with evidence that both supports the ALJ's conclusion and reenforces the assessment made in the PRFC. (See, e.g. Admin R. At 170-71 (Medical Source Statement completed by Dr. Michael Krafchick on July 26, 2006 indicating Plaintiff had no limitation in her ability to stand, walk, or sit, and that she could frequently lift and carry 10 lbs); Id. at 130-137 (a Function Report completed by Stewart on October 20, 2007, describing her daily activities); Id. at 193 (consultative examiner's diagnosis, stating "[h]er station and gait were completely normal. Her mental status was completely normal as well."); Id. at 179 (radiologist's impression on June 6, 2007, following slip-and-fall, stating "unremarkable cervical spine"); Id. At 29-30 (testimony by Stewart explaining her daily activities, including doing crossword puzzles and visiting her mother). In view of all this evidence, to the extent the ALJ relied on the PRFC as evidence, it constituted harmless error. Consequently, Plaintiff's first objection does not provide adequate cause for remand.

**B.      Objection Two: The ALJ Erred by Refusing to Allow Plaintiff to Respond to the VE's Testimony.**

Plaintiff's second objection is that she was prejudiced because the ALJ did not allow her to submit a post-hearing memorandum after the VE testified. (Doc. No. 16 at 12.) In particular, Plaintiff asserts she was denied an opportunity to show that the VE's testimony about the availability of local jobs was "absurd," which Plaintiff claims would undermine the overall credibility of the VE. (Id.)

Plaintiff cites to two authorities to support her proposition that she has a "right" to submit a memorandum to the ALJ after a hearing. First, in Social Security Ruling 96-9p, a footnote

provides: "Whenever a VE is used, the individual has the right to review and respond to the VE evidence prior to the issuance of a decision." SSR 96-9p, n.8. Next, Plaintiff cites the Hearings, Appeals, Litigation and Law Manual ("HALLEX"), which states:

> After all testimony has been presented, the ALJ must:
>
> 1. offer the claimant and representative an opportunity to make a final oral argument at the hearing, to submit a brief or other written statement within a reasonable time after the hearing, *or* to give their opinion regarding what the evidence proves and what finding of fact and conclusions of law the ALJ should make; and
>
> 2. address any assertions the claimant or representative make during their final oral argument, which vary sharply with the evidence or raise new issues that may be relevant.

HALLEX I-2-6-76 (emphasis added). In his Report and Recommendation, Judge Strawbridge found that Plaintiff exercised her right to respond to the VE evidence by cross-examining the VE extensively. (Doc. No. 16 at 10.) This Court disagrees with Judge Strawbridge's finding, but nonetheless holds that this finding does not constitute reversible error for reasons that follow.

First, this Court finds that, according to the plain language of SSR 96-9p, Plaintiff does have the right to an opportunity to review and respond to the VE's testimony prior to the issuance of a decision. Cross-examining a VE does not afford a claimant ample opportunity to "review" the VE's testimony. This is particularly evidenced by Plaintiff asking the VE for the Dictionary of Occupation Titles ("DOT") numbers assigned to each job (Admin. R. at 39). The DOT numbers can be used to look up relevant statistics on the existence of those jobs. Thus, Plaintiff should have been afforded the opportunity to conduct independent research to corroborate the VE's testimony.

But Plaintiff erroneously relies on HALLEX for the proposition that she has a "right" to submit a post-hearing memorandum. HALLEX unequivocally offers alternatives to a memorandum, specifically stating that the ALJ must only offer the claimant one of the options

enumerated. Thus, the ALJ could give the claimant the opportunity to make a final oral argument at the hearing, *or* submit a brief or other written statement after the hearing. See HALLEX I-2-6-76 (emphasis added.) The ALJ offered, and Plaintiff accepted, the opportunity to give a closing argument (Admin. R. at 39-40), thus satisfying the requirements of HALLEX I-2-6-76.

Plaintiff sought to argue in her post-hearing brief that the VE's testimony concerning the existence of more than 3,000 sorter jobs in the region was "absurd." (Doc. No. 17 at 9-10.) Judge Strawbridge found this argument inconsequential because the relevant analysis takes place on the national, rather than regional, scale. (Doc. No. 16 at 14.) This Court agrees. The Code of Federal Regulations specifically provides:

> We consider that work exists in the national economy when it exists in significant numbers either in the region where you live or in several other regions of the country. It does not matter whether-
> (1) Work exists in the immediate area in which you live;
> (2) A specific job vacancy exists for you; or
> (3) You would be hired if you applied for work.

20 C.F.R. § 416.866(a). Judge Strawbridge found further support for this notion in a recent opinion of a Court in this District: "under the controlling language of the statute, the court must look to the jobs that exist in the *national* economy that could accommodate [the plaintiff's] physical limitations and that the legislative history of the Act makes it clear that Congress did not intend the calculation of employment capabilities to be limited to the claimant's immediate area." Torres v. Shalala, Civ. No. 94-5492, 1995 WL 321902, at *5 (E.D. Pa. May 23, 1995) (emphasis in original).

As discussed above and in the Report and Recommendation, the ALJ must analyze the availability of jobs on the national level. This Court's review of the record indicates that the ALJ

relied upon additional testimony from the VE regarding other occupations in which Plaintiff could engage, both regionally and nationally. Even if the VE was incorrect that 3,300 sorter positions existed regionally, the VE further testified as to the existence of 200,000+ jobs at the national level for which plaintiff was qualified. (See Admin R. at 17 (ALJ decision relying on VE testimony on the amount of national jobs available).) Thus, the ALJ's refusal to keep the record open to afford Plaintiff an opportunity to review the VE's testimony constituted harmless error.

    C.    **Objection Three: The ALJ's Failure to Obtain the File Created in Connection with a Prior Claim**.

In her third objection, Plaintiff contends that the ALJ erred when it failed to obtain a file containing the consultative examination report of Jeffrey Bryer, Ed.D. (Doc. No. 17 at 11; Doc. No. 16 at 15.) Plaintiff argues that the ALJ violated his duty to develop the record, and that this particular file was "especially important" because, without the examination report, the record did not contain sufficient evidence to determine the severity of Plaintiff's depression. (Doc. No. 17 at 11.)

As Judge Strawbridge noted in the Report and Recommendation, the ALJ has discretion to decide if additional evidence is required for an adequate determination as to whether claimant is disabled. (Doc. No. 16 at 17 (citing 20 C.F.R. § 416.913(e), (e)(1)). Here, the ALJ acted within his discretion in finding the report adequate for the determination of Plaintiff's disability without the consultative examination report. After reviewing the record, this Court agrees with Judge Strawbridge that adequate evidence existed to support the ALJ's determination. (See, e.g. Doc. No. 16 at 17-18 (listing evidence that plaintiff's depression did not impact her ability to work).)[7] Thus,

---

[7] Judge Strawbridge notes, *inter alia*, the following evidence that impacted the ALJ's determination: 1) Dr. Krafchick, Plaintiff's treating physician, rarely mentioned her depression or

14

objection three will be denied.

### D. Objection Four: The ALJ Rejected Evidence Without Adequate Explanation.

Plaintiff next objects to the ALJ's conclusion that a treating physician, a consultative examiner, and Plaintiff were not credible and that their testimony was rejected "without adequate explanation." (Doc. No. 17 at 13.) Plaintiff asserts that the ALJ erred by: 1) not weighing the testimony of Dr. Krafchick's opinions against other evidence (Id. at 13-14); 2) substituting his own lay judgment on a medical matter for that of Dr. Bernard Zoranski, a consultative examiner (Id. at 15-16.); and 3) rejecting Plaintiff's testimony without "adequate explanation." (Id. at 16-17.) As discussed above and below, substantial evidence supports the ALJ's credibility determination concerning the testimony of Dr. Krafchick, Dr. Zoranski, and Plaintiff. Further, this Court agrees with Judge Strawbridge that adequate explanation was given for all three determinations.

First, Plaintiff asserts Dr. Krafchick annually filled out forms opining that Plaintiff was "temporarily disabled." (Doc. No. 16 at 21.) The primary diagnosis for her temporary disability changed each year between 2005-2007 (in 2005, her primary diagnosis was for "bilateral bunions" (Admin. R. at 187.); in 2006, the primary diagnosis was "major depressive disorder" (Id. at 185.); and, in the following year, the primary diagnosis was "chronic pain syndrome." (Id. at 183.)). Judge Strawbridge found, however, that the opinion that Plaintiff was "temporarily disabled" is not considered a medical opinion under the Code of Federal Regulations. (Doc. No. 16 at 22 (citing 20 C.F.R. § 416.927(a)(2).) Further, while Dr. Krafchick provided a letter explaining that Plaintiff was

---

anxiety in his notes, and never discussed his observations regarding severity (Admin. R. at 11.); 2) despite referring her to other specialists, Dr. Krafchick never felt her depression severe enough to refer her to a mental health professional (Id. at 14-15.); and 3) the Function Report completed by Stewart suggested no limitations caused by depression or anxiety (Id. at 11, 130-137.)

disabled, the ALJ "did not accord much weight" to it because it was "not supported by the medical evidence of record." (Admin. R. at 14.) Thus, this Court agrees with Judge Strawbridge in the Report and Recommendation concerning the adequacy of the ALJ's explanation that Dr. Krafchick's opinion was not controlling. (*See* Doc. No. 16. at 23. Judge Strawbridge states: "The ALJ's explanation that these opinions were not controlling upon him was adequate.")

Second, Plaintiff contends the ALJ rejected in whole the testimony of the consultative examiner, Dr. Zoranski. However, the ALJ noted the normalcy of Plaintiff's physical abilities reflected in Dr. Zorasnki's report. (Admin. R. at 14.) The ALJ also looked to, *inter alia*, a chart completed by Dr. Zoranski showing that Plaintiff had full range of motion in all areas. (Id. at 197-198.) Dr. Zoranski also completed a Residual Functional Capacity (RFC) form alleging serious limitations on Plaintiff's physical abilities, claiming all were due to "back pain." (Id. at 195-196.) However, the ALJ declined to give any weight to this form and discussed its lack of consistency with the physical examination findings. (Id. at 14.) This Court agrees with Judge Strawbridge that the ALJ's conclusions were supported by substantial evidence, and that the reported inconsistency was an appropriate reason for rejecting the RFC assessment offered by Dr. Zoranski.

Lastly, Plaintiff argues that the ALJ rejected Plaintiff's testimony regarding the debilitating nature of her pain "without adequate explanation." (Doc. No. 17 at 16.) However, an adequate explanation was provided, as Judge Strawbridge stated in his Report and Recommendation:

> [The ALJ] noted that she had an essentially normal physical exam within a short
> time after applying for SSI based upon her back pain, that she has no disc herniations
> or stenosis that would account for the degree of pain alleged, and that her "spotty"
> past work history could not be used to support an inference that her failure to work

was due to disability.

(Doc. No. 16 at 29.) (citing, e.g., Dabrowoslky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979) (holding claimant's work ethic to be a valid consideration for an ALJ in assessing credibility). To be sure, the ALJ also compared Plaintiff's testimony regarding her pain with her own testimony about her daily activities, which included reading, crossword puzzles, visits to her mother, and shopping. (Admin. R. at 29.) The ALJ found these activities consistent with someone who could engage in work requiring "light exertion."[8] (Doc. No. 16 at 30.) Thus, this Court agrees with Judge Strawbridge that the ALJ provided an adequate explanation for finding certain testimony by Dr. Krafchick, Dr. Zoranski, and Plaintiff as credible while rejecting other testimony as inconsistent. Plaintiff's fourth objection is without merit.

### E. Objection Five: The ALJ Erred by Failing to Adequately Explain His Assessment of Plaintiff's Residual Functional Capacity.

Plaintiff lastly objects that the ALJ did not provide an adequate explanation for his assessment of Plaintiff's RFC (namely, that the ALJ merely rejected evidence without providing any evidence to support his assessment). (Doc. No. 17 at 18.) We agree with Judge Strawbridge that the ALJ provided evidence and adequately explained his determination.

While Plaintiff claims that the ALJ rejected all testimony from Dr. Zoranski (Doc. No. 17 at 20.), that is simply not the case. Rather, as discussed by Judge Strawbridge, the ALJ's RFC was

---

[8] Light exertion means having the ability to: 1) lift and carry 20 lbs. occasionally and 10 lbs. frequently; 2) sit for 6 hours and stand or walk for 6 hours of an 8-hour workday; and 3) climb, balance, stoop, kneel, crouch, and crawl no more than occasionally. (Doc. No. 16 at 30.)

17

crafted to reflect Dr. Zoranski's narrative report, which stated:

> Her sensation was normal. Her motor power was +4/+4. Her reflexes are +3/+4. There is no atrophy noted in any place. Both upper and lower extremities appeared to be very symmetric. Straight leg raising was to +90 degrees, both seated and supine. Her sensation and gait were completely normal. Her mental status was completely normal as well.
>
> \*   \*   \*
>
> The patient was able to get up and off the table without any problems. Her grip strength was normal. Her endurance appeared to be normal.

(Admin. R. at 192-193.) Further, Plaintiff claims that the ALJ rejected the entirety of Plaintiff's testimony (Doc. No. 17 at 20.), but the record does not support this claim. As noted by Judge Strawbridge, the ALJ found some of Plaintiff's testimony credible, particularly when she discussed her daily and weekly activities. (Doc. No. 16 at 31.) This Court agrees with Judge Strawbridge that the ALJ adequately explained the reasoning behind his RFC assessment.

Plaintiff also objects to the ALJ's conclusion that nothing in the record indicates that she cannot perform light exertional work. (Doc. No. 17 at 19.) The ALJ relied upon Plaintiff's own testimony about her daily activities. (Doc. No. 16 at 31 (citing Admin. R. at 13, 29).) Despite such evidence, Plaintiff claims that nothing in the record indicates that she can perform such work consistently. (Doc. No. 17 at 20.) The onus, however, is on the claimant to prove her disability. See 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are...disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairments.") Plaintiff has failed to meet that burden. Accordingly, Plaintiff's objections to Judge Strawbridge's Report and Recommendation will be denied.

18

## VI. CONCLUSION

For the foregoing reasons, the Court will approve and adopt the Report and Recommendation of Magistrate Judge David R. Strawbridge. (Doc. No. 16.)

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDA STEWART, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 11-1338 |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 13th day of November 2012, upon consideration of the Report and Recommendation filed by United States Magistrate Judge David R. Strawbridge (Doc. No. 16) and Plaintiff Brenda Stewart's Objections to the Report and Recommendation (Doc. No. 17), and after an independent review of the pertinent record and for the reasons stated in the Opinion of the Court filed this day, it is **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED and ADOPTED**.

2. Plaintiff's Request for Review is **DENIED**.

3. Judgment is **ENTERED** in favor of Defendant Commissioner of Social Security and against Plaintiff Brenda Stewart.

4. The Clerk of Court shall **CLOSE** this case.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.